Konrad Bobinski, Appellant, v. Harold B. Morris, Respondent.— Action to recover damages for personal injuries sustained by plaintiff, a passenger in an automobile owned by the defendant, when the car, driven by the defendant on the Montauk Highway in Suffolk County, struck a patch of snow and ran off the highway into a cluster of trees. Judgment in favor of defendant, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

Anna D'Amico et al., Respondents, v. Reba Horowitz, One of Those Doing Business as Hogal Realty Co., Appellant, et al., Defendants.— In an action to recover damages for personal injuries claimed to have been sustained by the plaintiff wife by reason of a fall on a stairway, and for loss of services by her husband, defendant Reba Horowitz, one of those doing business as Hogal Realty Company, appeals from a judgment for both plaintiffs, entered on the verdict of a jury. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. It was error to charge the jury that they might find that appellant caused a potato peel and garbage to be on the step from which the wife claimed she fell, and that if the jury so found plaintiffs were not required to prove notice, actual or constructive, of the presence of the garbage on the step. Only by adding inference upon inference could the jury find that the employee of appellant placed or dropped the garbage on the step. On the evidence here, the burden was upon the plaintiffs to establish that appellant had actual or constructive notice of the presence of the garbage. Plaintiffs claim actual notice was given to appellant's superintendent many hours prior to the fall of the wife. It was for the jury to say whether, with knowledge of the condition, appellant did not keep the stairway reasonably safe if, in fact, no artificial light was burning to apprize tenants of the presence of the garbage. (*Fingerle* v. *Strompf*, 239 App. Div. 845.) But since the verdict may have been based on a finding that appellant created a dangerous condition, a new trial is ordered. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

Ruth D. Detken et al., Respondents, v. City of New York, Appellant. Freda Hechtman, Respondent, v. City of New York, Appellant.— In two consolidated actions by the female plaintiffs to recover for personal injuries, suffered as a result of being struck by a trolley car, and by the plaintiff husband to recover for loss of services, judgment entered on the verdicts of a jury in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ.

Jacob Enslein, Appellant, v. Landseas Products Corporation, Respondent. — In an action for brokerage, order denying plaintiff's motion to strike out the affirmative defense for insufficiency or to strike out certain matter contained in such defense as irrelevant, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.